BRYAN SCHRODER
United States Attorney

KELLY CAVANAUGH
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Kelly.Cavanaugh@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>CERTAIN PENDING ADMINISTRATIVE FORFEITURE PROCEEDINGS. | ) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR BLANKET EXTENSION
OF DEADLINE FOR SENDING NOTICE IN CERTAIN
PENDING ADMINISTRATIVE FORFEITURE PROCEEDINGS**

The United States of America, pursuant to 18 U.S.C. § 983, moves this Court for an extension of time for all federal seizing agencies in this district to commence administrative forfeiture proceedings, due to the current national health emergency, as declared by the president on March 13, 2020. In support of its motion, the Government submits the following memorandum of law.

# MEMORANDUM OF LAW

**I.    Background**

The Department of Justice's three law enforcement agencies with administrative forfeiture authority—the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, and the Federal Bureau of Investigation (collectively, "the DOJ seizing agencies")—are authorized to seize property subject to forfeiture under federal law, and commence administrative forfeiture proceedings, subject to certain statutory limitations. 19 U.S.C. §§ 1602-1621. The regulations governing these seizures, administrative forfeitures, and the remission or mitigation of Department of Justice forfeitures are found at 28 C.F.R., Parts 8 and 9.

In addition, the United States Postal Inspection Service (USPIS) is authorized by law to commence administrative forfeiture proceedings pursuant to 18 U.S.C. § 3061. USPIS participates in the Department of Justice asset forfeiture fund.

A number of federal agencies with administrative enforcement authority participate in the Department of Treasury asset forfeiture fund. These include the Internal Revenue Service (IRS) within the Treasury Department, and United States Secret Service (USSS), Customs and Border Protection (CBP), and the United States Border Patrol, within the Department of Homeland Security.[1]

With limited exceptions, most aspects of federal administrative and judicial

---

[1] CBP processes administrative forfeiture proceedings for by Homeland Security Investigations (HSI), another DHS agency.

forfeiture actions are governed by the provisions of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Public Law 106-185, 114 Stat. 202. One key aspect of CAFRA is the establishment of a statutory deadline for commencing an administrative forfeiture proceeding—60-days from the date of seizure for federal seizures and 90-days from the date of seizure for adopted seizures (those initially made by a state or local law enforcement agency). 18 U.S.C. § 983(a)(1)(A)(i), (iv). The procedures for extending that deadline and the deadlines for subsequent steps in the administrative and judicial forfeiture proceedings are set forth in 18 U.S.C. § 983(a)(1).

An administrative forfeiture is commenced when the seizing agency sends notice of the forfeiture proceeding to potential claimants. The standard method is to send notice by certified mail, return receipt requested, or by commercial delivery with confirmation of receipt. Some agencies also send notice by first class mail. The agencies use certified mail or commercial delivery for two reasons: (1) to increase the likelihood that the intended recipient, in fact, receives timely notice, and (2) to provide the seizing agency with confirmation of delivery. Where a claim contesting that administrative forfeiture has been filed, the seizing agency then must forward the matter within 90 days to the appropriate U.S. Attorney's Office for further action. 18 U.S.C. § 983(a)(3)(A). In addition to, or instead of, submitting an administrative claim, a party may submit a petition for remission or mitigation of the forfeiture. These petitions are described in the notice letters that commence the administrative forfeiture proceeding, and are required to be submitted to the agency in a similar

manner to a claim.

Each year, the DOJ seizing agencies commence approximately 27,500 to 31,700 administrative forfeitures. The non-DOJ agencies also commence a significant number of administrative forfeitures. CBP alone commenced over 22,000 CAFRA forfeitures in FY 2019. Those forfeitures generate massive amounts of paperwork, and require the regular, close physical interaction among office personnel in each agency's headquarters office to prepare notice letters, correction letters, denial letters, the mailing envelopes for all of those letters, and the preparation of notice by publication for each forfeiture on the government's dedicated forfeiture website (www.forfeiture.gov). In addition, these employees physically handle large volumes of mail from the public on a daily basis, including hand-written letters, claims, petitions for remission or mitigation, and requests for reconsideration. Although the seizing agencies are capable of processing claims and petitions submitted electronically, the overwhelming majority of all submissions (approximately 85%) still comes through the mail.

On March 13, 2020, President Trump declared a national emergency, effective as of March 1, 2020, due to the Novel Coronavirus Disease (COVID-19) pandemic. To allow federal employees to engage in social distancing to slow the spread of the virus, on March 15, 2020, the Attorney General implemented a "maximum telework" policy, which includes all DOJ law enforcement components. As a result, virtually all asset forfeiture personnel working in the headquarters facilities of the DOJ seizing agencies in the Washington, DC area are teleworking. As the COVID-

19 disease continues to spread, it is becoming increasingly difficult, and soon may be impossible, for the seizing agencies to comply with the guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease and receive mail and process the large volume of time-sensitive documents; comply with the statutory deadline requirements for providing notice to potential claimants and petitioners; and refer any contested matters to U.S. Attorney's Offices across the country for their consideration.

## II. Legal Authority

Pursuant to 18 U.S.C. § 983(a)(1)(B), a "supervisory official in the headquarters office of each seizing agency may extend the period for sending notice" of an administrative forfeiture action to interested parties under certain conditions for a period not to exceed 30 days. The supervisory official may extend the 30-day period "only if there is reason to believe that sending notice may have an adverse result," including: endangering the life or physical safety of an individual. 18 U.S.C. §§ 983(a)(1)(D). Upon motion by the Government, "a court may extend the [30-day] period for sending notice for a period not to exceed 60 days, which period may further extended by the court for 60-day periods, as necessary," based on the presence of any of these same conditions described in 18 U.S.C. §§ 983(a)(1)(D).

Once notice of an administrative forfeiture is sent, a claim may be filed by the deadline set forth in the notice (which must be at least 35 days after the date the letter is mailed), or, if the notice is not received, not later than 30 days after the date of

final publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B). Then, not later than 90 days after the claim is filed, the Government must file a civil forfeiture complaint or obtain a criminal indictment containing an allegation that the seized property is subject to forfeiture. *See* 18 U.S.C. § 983(a)(3)(A)-(C). If the Government fails to take these steps, it must return the property and is barred from completing a civil forfeiture. *See* 18 U.S.C. § 983(a)(3)(B). There is, however, one exception. "[A] district court in the district in which the civil forfeiture complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A).[2]

Section 983(a)(1)(D) extensions are entered routinely by supervisory officials or by district courts, as appropriate, on a case-by-case basis. Similarly, district courts routinely grant section 983(a)(3)(A) motions to extend the deadline to file a civil forfeiture complaint. Because of the current trajectory of the coronavirus and the likely spread of COVID-19 if greater safety measures are not taken, it is reasonable to believe that the continued regular operation of the seizing agencies' administrative forfeiture programs may endanger the lives or physical safety of numerous individuals. At the same time, it is impossible for the Government to identify every seized asset for which notice must be sent or each claim requesting initiation of a

---

[2] This Court has jurisdiction and venue over the civil forfeiture of assets seized in the District of Alaska. Pursuant to 28 U.S.C. § 1355, a civil forfeiture action may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred, or any district for which venue is provided in section 1395. Section 1395, in turn, provides that venue exists in any district in which the property is found or brought. 28 U.S.C. § 1395(b)-(c).

judicial forfeiture action without requiring agency personnel to work closely together in their offices. Therefore, although it is unusual, a 60-day blanket extension of all noticing and filing deadlines for assets seized by all seizing agencies is appropriate. Moreover, given the sensitivity of the issue, the Government is waiving its right to have the supervisory officials at the headquarter offices of the seizing agencies extend the filing deadline by 30 days under section 983(a)(1)(B).

Instead, and as reflected in the attached declarations of those officials, the Government is requesting that the Court issue a 60-day blanket extension of all noticing deadlines for assets (1) seized by a federal seizing agency between February 3 and June 1, 2020; (2) adopted by a federal seizing agency but seized by a state or local agency between January 3 and June 1, 2020; or (3) for which, due to a prior extension by the supervisory official at the agency, a notice of administrative forfeiture had to be mailed by June 1, 2020, based upon a determination that there is reason to believe that requiring notices of administrative forfeitures may endanger the life or physical safety of an individual. Specifically, requiring the notices may endanger the life or health of the asset forfeiture staff necessary to review and prepare cases and issue the notices in light of the global coronavirus pandemic.

The Government notes that "the Judicial Conference, the administrative policy-making body for the federal courts, found on March 29, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), that 'emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally …'".

https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic. In response to the epidemic, federal courts at all levels have adopted temporary procedures designed to safeguard court staff, litigants, and the public from exposure to COVID-19. These procedures recognize that the use of the mail and paper submissions is problematic within the context of the risks posed by the pandemic and the measures needed to mitigate those risks. https://www.uscourts.gov/about-federal-courts/court-website-links/court-orders-and-updates-during-covid19-pandemic (linking to all temporary court policies).

On March 11, 2020, Governor Mike Dunleavy signed a Public Health Disaster Emergency Declaration, and subsequently mandated all Alaska residents to maintain social distancing and limit movements outside of their homes beyond essential needs. On March 30, 2020 this Court issued Miscellaneous General Order 20-11 concerning changes to Court operations and deadlines during the COVID-19 pandemic. Additionally, this Order was extended on April 7, 2020 and subsequently on April 20, 2020 to remain in effect until June 1, 2020.

Because the pandemic and need for social distancing constitute good cause, pursuant to section 983(a)(3)(A), the Government further requests that the Court issue a 60-day blanket extension of the deadline to file a civil forfeiture action for any claim received by a federal seizing agency between March 13 and April 30, 2020.[3]

---

[3]Thus, if the application is granted, (1) the deadline for commencing administrative forfeiture proceedings against a federal seizure that occurred on March 13, 2020 would be extended from May 12, 2020, to July 11, 2020; (2) the commencement deadline for an adoptive seizure that occurred on March 13, 2020,

*See United States v. $55,140 in U.S. Currency,* No. 5:04cv407–SPM/AK, 2005 WL 6577605 (N.D. Fla. Jan 20, 2005) (shutting down of the U.S. Attorney's Office for 2 weeks due to the effects of a hurricane constitutes good cause for the extension of the 90-day deadline; a motion to extend a deadline under § 983(a)(3)(A) may be filed after the deadline has expired). These extensions are necessary and appropriate to protect the health and safety of all individuals responsible for the daily processing of claims, petitions, referrals, and correspondence, and serves the best interests of both the public and the United States of America. The requested extensions would allow for asset forfeiture staff at the seizing agencies to telework over the next three weeks without compromising the agencies' obligations to the public or their responsibilities under CAFRA.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests this Court to find that continued operation of the administrative forfeiture programs of the federal seizing agencies may endanger the life or safety of one or more individuals in light of the current national health emergency, and grant the requested 60-day extension of noticing and filing deadlines, and which period may be further extended by this

---

would be extended from June 11, 2020, to August 10, 2020; and (3) the 90-day deadline for the filing of a civil forfeiture complaint (or inclusion of an asset in a criminal indictment) following the agency's receipt of an administrative claim would be extended to 150 days instead of the statutory 90-day period. The corresponding dates for seizures occurring on the last day of the period requested (April 30, 2020) would be (1) August 28, 2020 (federal seizures); and (2) September 27, 2020 (adoptive seizures).

Court, as necessary.

RESPECTFULLY SUBMITTED this 11th day of May, 2020, in Anchorage, Alaska.

        BRYAN SCHRODER
        United States Attorney

        */s/Kelly Cavanaugh*
        KELLY CAVANAUGH
        Assistant United States Attorney
        United States of America