IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>CERTAIN PENDING ADMINISTRATIVE FOREFEITURE PROCEEDINGS | Case No. 3:20-mc-00010-TMB<br><br>ORDER ON MOTION FOR A FURTHER EXTENSION OF DEADLINE [DKT. 9] |

## I. INTRODUCTION

The matter comes before the Court on the United States' Motion for a Further Extension of Deadline for Sending Notice in Certain Pending Administrative Forfeiture Proceedings (the "Motion").[1] This is the Government's second motion for extension pursuant to 18 U.S.C. § 983.[2] The Court has previously issued an Order granting a 60-day blanket extension of the statutory deadlines by which the Government is required to (1) commence administrative forfeiture proceedings against seized property; and (2) commence civil judicial forfeiture actions following submission of timely administrative claims in such proceedings.[3] Good cause appearing therefor, and for the reasons stated below, the present Motion is **GRANTED**.

## II. BACKGROUND

On March 13, 2020, President Trump declared a national emergency, effective as of March 1, 2020, due to the ongoing novel Coronavirus Disease ("COVID-19") pandemic. To allow federal employees to engage in social distancing to slow the spread of the virus, on

---

[1] Dkt. 9 (Motion).

[2] *See* Dkt. 1 (First Motion).

[3] Dkt. 8 (Order).

1

March 15, 2020, U.S. Attorney General William Barr implemented a "maximum telework" policy, which includes all Department of Justice ("DOJ") law enforcement components. Similar orders were issued by the Departments of Homeland Security and Treasury. More recently, this Court has recognized the impact of COVID-19 within the District of Alaska.[4] As a result, virtually all asset forfeiture personnel working in the headquarters facilities of federal law enforcement agencies in and around Washington, DC are teleworking, as are most of the attorneys and staff at the U.S. Attorney's Office in this District. Maximum telework for many agencies continues to remain in place.

The federal law enforcement agencies with administrative forfeiture authority (collectively, the "Agencies") include the Federal Bureau of Investigation, Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms & Explosives, Customs and Border Protection, which is also responsible for processing seizures by Immigration and Customs Enforcement/Homeland Security Investigations, U.S. Border Patrol, the U.S. Secret Service, Internal Revenue Service – Criminal Investigation, and the United States Postal Service. On an annual basis, the Agencies initiate and process tens of thousands of administrative forfeitures. Those efforts generate massive amounts of paperwork, and require regular, close physical interaction among office personnel in each Agency's headquarters office to prepare notice letters, correction letters, denial letters, the mailing envelopes for all of those letters, and the preparation of notice by publication for each targeted asset on the government's dedicated forfeiture website (www.forfeiture.gov).

---

[4] *See* District of Alaska, Miscellaneous General Order 20-27, https://www.akd.uscourts.gov/sites/akd/files/20-27_MGO_Suspension_Court_Effective_9-4-20.pdf, (suspending Court proceedings to October 5, 2020).

2

In addition, Agency employees and contractors physically handle large volumes of mail from the public on a daily basis, including hand-written letters, claims, petitions for remission or mitigation, and requests for reconsideration. Although the seizing Agencies are capable of processing claims and petitions submitted electronically, the overwhelming majority of all submissions (approximately 85%) still come through the mail. The submission of timely administrative claims requires the Agencies to refer those matters to the U.S. Attorney's Offices across the country and trigger separate deadlines relating to the filing of judicial forfeiture actions in the district courts.

On June 4, 2020, the Court granted the Government's previous motion seeking an initial 60-day extension of notice and filing deadlines beginning March 16, 2020, the week DOJ transitioned to a maximum telework policy.[5] The extension of time applied to all seizures that occurred in the District of Alaska between March 16, 2020, and June 1, 2020.[6] The Court also granted a 60-day extension of time for filing a civil forfeiture complaint following an Agency's receipt of a timely administrative claim between March 16, 2020, and April 30, 2020.[7]

The United States now seeks a 60-day blanket extension of all noticing deadlines for assets (1) seized by a federal agency between June 1, 2020 and July 31, 2020; (2) adopted by a federal seizing agency but seized by a state or local agency between June 1, 2020, and July 31, 2020; or (3) for which, due to a prior extension by the supervisory official at the agency, a notice of administrative forfeiture had to be mailed by July 31, 2020, based upon a determination that there is reason to believe that requiring notices of administrative forfeitures may endanger the life or

---

[5] Dkt. 8 at 5.

[6] *Id.* at 5–6.

[7] *Id.* at 6.

physical safety of an individual.[8] The United States is also seeking a 60-day blanket extension of the filing deadlines for judicial forfeiture actions for any claim received by a federal seizing agency between June 1 and July 31, 2020.[9]

### III. DISCUSSION

The Court finds that the normal working conditions described in the Motion and certifications filed in support of the Motion[10] are inconsistent with the social distancing guidelines of the Centers for Disease Control and Prevention and other health and public safety officials, the Government's own guidelines for workplace safety, and the explicit requirements of mandatory declarations of state and local governments in the District of Alaska.

The Agencies have certified to the Court that in light of the COVID-19 pandemic, their compliance with the 60 and 90-day statutory deadlines for commencing administrative forfeiture with respect to federal and adoptive seizures, respectively, is likely to endanger the life or physical safety of the government employees and contractors responsible for carrying out the duties of the Agencies' administrative forfeiture programs, as described at 18 U.S.C. § 983(a)(1)(A)(i), justifying the extension of those deadlines pursuant to 18 U.S.C. § 983(a)(1)(C). Specifically, the Government has demonstrated that the ongoing national emergency triggered by the pandemic, and the resulting need for social distancing and heightened controls on physical contact with objects that may present a risk of contamination, constitute good cause for a finding that requiring

---

[8] Dkt. 9 at 7–8.

[9] *Id.* at 9. The Motion identifies the applicable period as "between March 13 and April 30, 2020" but explains in the corresponding footnote that the extension is for commencing proceedings against seizures that occurred from June 1 to July 31, 2020. Therefore, the Court assumes that dates in the body of the Motion were overlooked vestiges from the Government's prior motion.

[10] Dkts. 9-1; 9-2; 9-3; 9-4 (Certifications).

4

the noticing of seizures and referral of claims may endanger the life or health of the government asset forfeiture attorneys and staff (at both the Agencies and the U.S. Attorney's Offices) responsible for reviewing cases, issuing notices, and processing submitted claims and petitions.

Based on these factors, pursuant to § 983(a)(1)(C) and (3)(A), the Court **GRANTS** a 60-day extension of notice and filing deadlines as requested by the Motion.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, as follows:

1. For all federal seizures of property that occurred in the District of Alaska between June 1, 2020, and July 31, 2020, the deadline established by 18 U.S.C. § 983(a)(1)(A)(i) for any seizing Agency to commence administrative forfeiture proceedings against such property shall be and hereby is extended for a period of 60 days;

2. For all seizures of property by state or local law enforcement agencies in the District of Alaska between June 1, 2020, to July 31, 2020, which seizures are thereafter federally adopted, the deadline established by 18 U.S.C. § 983(a)(1)(A)(iv) for the adopting Agency to commence administrative forfeiture proceedings against such property shall be and hereby is extended for a period of 60 days; and

3. The 90-day deadline established at 18 U.S.C. § 983(a)(3)(A) for the filing of a civil forfeiture complaint (or inclusion of an asset in a criminal indictment) following an Agency's receipt of a timely administrative claim between June 1, 2020, and July 31, 2020, is hereby extended to 150 days instead of the statutory 90-day period.

4. To the extent that any Agency executed a 30-day extension of any administrative notice deadline pursuant to 18 U.S.C. § 983(a)(1)(B) on or before June 1, 2020, the deadline for the sending of the required notice is extended for 60 days from the current deadline.

In accordance with the provisions of 18 U.S.C. § 983(a)(1)(C), further extensions of no more than 60 days each may be granted as necessary, upon an appropriate showing.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 13th day of August, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE